O
JS-6

# United States District Court
# Central District of California

RASHON MURPH et al.,

        Plaintiffs,

    v.

RICHMAN PROPERTY SERVICES, INC. et al.,

        Defendants.

Case № 2:24-cv-08545-ODW (SSCx)

**ORDER REMANDING CASE AND DENYING DEFENDANT'S MOTION TO DISMISS [10]**

## I.   INTRODUCTION

On August 14, 2024, Plaintiffs Rashon Murph and Nicole Murph initiated this action against Defendants Richman Property Services, Inc. ("Richman") and DOES 1 through 10 for violation of California's Investigative Consumer Reporting Agencies Act ("ICRAA") in the Superior Court of California. (Notice Removal ("NOR") Ex. A ("Complaint" or "Compl."), ECF Nos. 1, 1-1.) On October 4, 2024, Richman removed this action to federal court based on alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (NOR ¶ 11.) On October 21, 2024, the Court ordered the parties to show cause why this action should not be remanded for lack of subject-matter jurisdiction. (Order Show Cause ("OSC"), ECF No 14.) On October 28, 2024, the parties responded. (Def.'s Resp. OSC, ECF No. 15; Pls.' Resp. OSC, ECF No. 16.)

For the reasons below, the Court **REMANDS** this action to Los Angeles County Superior Court.

## II.  BACKGROUND

In 2023, Plaintiffs completed and submitted a rental application ("Application") to apply for an apartment unit in a building operated by Richman. (Compl. ¶¶ 6–8, 14.)  The Application notified applicants that Richman may screen for criminal background and previous evictions. (*Id.* ¶ 16.)  Richman did not provide a process for Plaintiffs to indicate that they wished to receive a copy of any report prepared in connection with the Applications, and it did not provide Plaintiffs with "a consent form or disclosure with a box to check" in connection with such reports. (*Id.* ¶ 22.)  Richman later processed Plaintiffs' Application and requested investigative consumer reports about each Plaintiff, obtaining at least two such reports about each Plaintiff. (*Id.* ¶¶ 20–21.)  Richman did not provide Plaintiffs a copy of any such reports. (*Id.* ¶ 22.)  Plaintiffs became residents of an apartment building Richman operates. (*See* Decl. Theresa Eastwood Davis ISO Def.'s Resp. OSC ("Davis Decl.") ¶ 4, ECF No. 15-2.)

On August 14, 2024, Plaintiffs filed this lawsuit in the Superior Court of the State of California, County of Los Angeles. (Compl.)  In their Complaint, Plaintiffs assert one cause of action for violation of the ICRAA, and one cause of action seeking a judicial declaration that Plaintiffs' Applications and annual re-certifications violate the ICRAA and are "therefore illegal and wholly void." (*Id.* ¶¶ 26–40.)  As relief, Plaintiffs request (1) general, compensatory, and punitive damages; (2) statutory damages; (3) interest; (4) attorneys' fees; (5) equitable relief and restitution; (6) declaratory judgment that Plaintiffs' Application and annual re-certification violates the ICRAA; (6) an injunction enjoining Richman from violating the ICRAA or refusing to rent to Plaintiffs; and (7) a writ of mandate and injunction requiring Richman to, among other things, comply with the ICRAA by including in its rental application an option for prospective applicants to receive a copy of any investigative

consumer report and, if requested, providing the reports themselves. (*Id.*, Prayer.) "Plaintiffs expressly limit the total amount of the recovery, including statutory damages, attorneys' fees and costs, and [the] cost of injunctive relief not to exceed $74,999." (*Id.*, Prayer ¶ 3.)

Richman removed this action to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). (NOR ¶ 11.) On October 21, 2024, the Court sua sponte ordered the parties to show cause why this action should not be remanded for lack of subject-matter jurisdiction, specifically with respect to the amount in controversy. (OSC 2.) Richman opposes remand, while Plaintiffs support it. (Def.'s Resp. OSC; Pls.' Resp. OSC.) Richman also moves to dismiss this case. (Mot. Dismiss, ECF No. 10.)[1]

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select*

---

[1] As of the date of this Order, the briefing on Richman's motion to dismiss remains ongoing.

*Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.*

## IV. DISCUSSION

On the face of Plaintiffs' Complaint, it does not appear that the amount in controversy exceeds $75,000. (*See* Compl.) "Plaintiffs, who are the masters of their complaints," may "stipulat[e] to amounts at issue" "to avoid removal to federal court, and to obtain a remand to state court." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

Here, "Plaintiffs expressly limit the total amount of the recovery, including statutory damages, attorneys' fees and costs, and [the] cost of injunctive relief not to exceed $74,999." (Compl., Prayer ¶ 3.) Richman notes that Plaintiffs do not explicitly include "the value of declaratory relief" in the above list. (Def.'s Resp. OSC 9.) The Court need not decide whether the value of declaratory relief is included in Plaintiffs' limitation on the total amount of recovery, or whether a plaintiff can limit the cost of injunctive and declaratory relief to avoid federal diversity jurisdiction. Even assuming *arguendo* that a plaintiff cannot place these limits on such relief, Richman has failed to meet its burden to show that the amount in controversy exceeds $75,000.

### A. Monetary Damages

Plaintiffs limit the "total amount of recovery" alleged in the Complaint to "not exceed $74,999." (Compl., Prayer ¶ 3.) Therefore, at most, Plaintiffs' monetary damages are limited to $74,999 for purposes of the Court's jurisdictional analysis. *See, e.g.*, *Standard Fire Ins. Co*, 568 U.S. at 595; *St. Paul Mercury Indem. Co.*, 303 U.S. at 294. However, after careful analysis, the Court finds that Richman has shown that Plaintiffs allege, at most, $20,000 in monetary damages.

### 1. Statutory Damages

The ICRAA, requires, among other things, any person requesting an "investigative consumer report" to "[p]rovide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy" of such report. Cal. Civ. Code § 1786.16(b). The ICRAA provides for a minimum of $10,000 in damages for violations of the statute. *Id.* § 1786.50(a)(1). In their Complaint, Plaintiffs claim they "are each entitled to statutory damages in the amount of $10,000 per investigative report" and that Richman obtained "at least two" such reports about each Plaintiffs. (Compl. ¶ 33.)[2] For purposes of the jurisdictional analysis, Plaintiffs' claims are not aggregated. *See, e.g., Completo v. Richman Prop. Servs., Inc.*, No. 2:24-cv-04233-ODW (SSCx), 2024 WL 4492044, at *2–4 (C.D. Cal. Oct. 15, 2024); *Calloway v. Richman Prop. Servs., Inc.*, No. 2:24-cv-04232-ODW (SSCx), 2024 WL 4492045, at *2–4 (C.D. Cal. Oct. 15, 2024). Because each Plaintiff seeks $10,000 of statutory damages per investigative consumer report, and each Plaintiff alleges that Defendant "obtained at least two" such reports per Plaintiff, (Compl. ¶ 33), Plaintiffs' claim for statutory damages supports only $20,000 amount in controversy.

### 2. Attorneys' Fees

Under the ICRAA, a plaintiff may recover "the costs of the action together with reasonable attorney's fees as determined by the court." Cal. Civ. Code § 1786.50(a)(2). The Ninth Circuit has held that attorneys' fees awarded under fee-shifting statutes can be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). However, "a

---

[2] In their Complaint, Plaintiffs allege that they "are each entitled to statutory damages in the amount of $10,000 per investigative consumer report" and that Richman "obtained at least two . . . reports about each of the Plaintiffs." (Compl. ¶ 33.) However, in their Prayer for Relief, Plaintiffs seek "statutory damages . . . on each cause of action . . . in the amount of $10,000 to each Plaintiff." (*Id.*, Prayer ¶ 3.) Because it would not change this Court's ruling if Plaintiffs were seeking $10,000 per report or $10,000 per Plaintiff, the Court uses the higher amount—$10,000 per report and $20,000 per Plaintiff—in its analysis.

removing defendant" must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). As such, a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.* Although a defendant can "meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, No. 21-cv-857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021).

Here, Richman fails to meet its burden with respect to attorneys' fees. Richman cites a handful of cases to support its contention that attorneys' fees should be included in the amount in controversy calculation. (*See* Def.'s Resp. OSC 7–8.) First, Richman cites *Elmi v. Related Mgmt. Co., L.P.*, No. G061379, 2023 WL 6210756 (Cal. Ct. App. Sept. 25, 2023), as an example of an ICRAA case where a plaintiff sought more than $300,000 in attorneys' fees. (*See* Def.'s Resp. OSC 7.) However, there, the appellate court did not award $300,000 in attorneys' fees, but instead affirmed the trial court's $19,440 award. *Elmi*, 2023 WL 6210756, at 1, 4.

Second, Richman cites *Smith v. Abode Cmtys., LLC*, No. 20STCV11372, 2022 WL 17752962 (Cal. Super. Ct. Oct. 11, 2022), in which a court awarded Plaintiffs' counsel $147,690 in an ICRAA case it won after a jury trial. (*See* Def.'s Resp. OSC 7.) Despite that case concerning an ICRAA claim litigated by Plaintiffs' counsel, the Court cannot conclude that that case is comparable to this one such that "that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan*, 2021 WL 4352340, at *6. Moreover, attorneys' fees may be less here than the typical case—including *Smith*—because Plaintiffs' counsel is representing numerous Plaintiffs in nearly identical cases against Richman where the parties have filed nearly

identical motions.[3]  This duplication of work would more likely than not lead to a reduced attorneys' fees award on a per-Plaintiff basis.[4]

In an apparent effort to show duplication of work would not lead to a reduced attorneys' fees award, Richman cites another ICRAA case Plaintiffs' counsel recently litigated. (*See* Req. Judicial Notice ISO Def.'s Resp. OSC ("RJN") Ex. 1 ("*Lopez*"), ECF Nos. 15-5 to 15-6.)[5]  That case does not support Richman.  In *Lopez*, a California court awarded Plaintiffs' $54,158.50 in an ICRAA case won after summary adjudication. (*See Lopez*.)  But, notably, the court "disagree[d] that the time-entries identified by [defendant] are based on duplicative work." (*Lopez* 4.)  Equally important, even if the Court were to credit this fee amount—or the $34,133 in attorneys' fees awarded in RJN, Ex. 2 ("*Woods*"), ECF No. 15-7—those numbers would not raise the amount in controversy here to exceed $75,000.

Because the removal statute is strictly construed, and all doubts are resolved in favor of remand, the Court finds that Richman fails to submit adequate evidence substantiating any attorneys' fees.  Accordingly, the Court does not consider attorneys' fees in its amount in controversy calculation.

### 3. Other Damages

Richman references the alleged punitive damages. (Def.'s Resp. OSC 5–6, 10.)  Richman's bare assertion that the Court should consider these damages "provides

---

[3] *See, e.g.*, Mot. J. Pleadings, *Completo v. Richman Prop. Servs.*, No. 2:24-cv-04233-ODW (SSCx), ECF No. 18; Mot. J. Pleadings, *Calloway v. Richman Prop. Servs., Inc.*, No. 2:24-cv-04232-ODW (SSCx), ECF No. 22; Mot. Dismiss, *Harville v. Richman Prop. Servs., Inc.*, No. 2:24-cv-07832-ODW (SSCx), ECF No. 11; Mot. Dismiss, *Alvarado v. Richman Prop. Servs., Inc.*, No. 8:24-cv-02008-ODW (SSCx), ECF No. 10; Mot. Dismiss, *Ruffins v. Richman Prop. Servs., Inc.*, No. 2:24-cv-08288-ODW (SSCx), ECF No. 9; Mot. Dismiss, *Hernandez v. Richman Prop. Servs., Inc.*, No. 2:24-cv-08242-ODW (SSCx), ECF No. 9; Mot. Dismiss, *Lee v. Richman Prop. Servs., Inc.*, No. 2:24-cv-08286-ODW (SSCx), ECF No. 11.

[4] For the same reason, a declaration from one of Richman's attorneys stating that "[s]ignificant fees have been incurred so far" and "based on [his] experience, it is unlikely this case will settle quickly, (Decl. Benjamin E. Strauss ¶ 2, ECF No. 15-1), does not assist Richman in meeting its burden.

[5] The Court **GRANTS** Richman's request for judicial notice of courts' rulings on fee motions and related filings in other ICRAA cases over Plaintiffs' objection. (*See* RJN; Pls. Obj. RJN, ECF No. 16-1.)

the Court with no factual or legal basis by which to determine the likelihood" of such an award in this case. *Banuelos v. Colonial Life & Acc. Ins. Co.*, No. 2:11-cv-08955-JHN (AGRx), 2011 WL 6106518, at *2 (C.D. Cal. Dec. 8, 2011); *Dressler v. Hartford Fin. Servs. Grp., Inc.*, No. 2:14-cv-02134-MMM (MANx), 2014 WL 12560796, at *7 (C.D. Cal. June 19, 2014) ("The mere fact that a plaintiff seeks punitive damages, however, is not sufficient, standing alone, to establish that the amount in controversy exceeds the jurisdictional threshold."). Therefore, inclusion of these damages "in the amount in controversy would be improper." *Hulse v. Bethesda Lutheran Cmtys., Inc.*, No. 5:18-cv-00262-FMO (KKx), 2018 WL 1033223, at *3 (C.D. Cal. Feb. 23, 2018). For the same reasons, the Court cannot consider the other purported monetary damages, including compensatory, general, emotional distress damages, and invasion of privacy damages. (*See* Def.'s Resp. OSC 4, 10.)

**B.   Non-Monetary Relief**

Having found that Richman has shown that the amount in controversy for Plaintiffs' pleaded monetary relief is $20,000, the Court turns to Plaintiffs' requested non-monetary relief.

*1.   Injunctive Relief*

Because Richman only references injunctive relief in passing, (*id.* at 11), the Court cannot ascribe any value to this relief for purposes of the jurisdictional analysis.

*2.   Declaratory Relief*

Richman contends that the cost of complying with Plaintiffs' requested declaratory relief satisfies the amount in controversy. (*See id.* at 9–10.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral*, 878 F.3d at 775; *accord Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). The "object of the litigation" in this case is a declaration that rental applications and annual re-certifications are void. (*See* Compl. ¶ 39, Prayer ¶¶ 7–8.) Richman asserts that declaratory relief, in conjunction with equitable relief and restitution, could cost it

as much as $61,182 (the rent due throughout Plaintiffs' lease).  (Def.'s Resp. OSC 9–10; *see* Davis Decl. ¶ 4.)  The Court cannot credit this amount because the rental *agreement* is not the "object of the litigation."

Plaintiffs seek a declaration that their "Rental Application and the annual re-certification . . . violate the ICRAA."  (Compl., Prayer ¶ 8.)  Separately in the Complaint—but not the Prayer for Relief—Plaintiffs seek a declaration that these applications "are illegal and wholly void."  (Compl. ¶ 39.)  Even crediting this requested relief, nowhere in the Complaint do Plaintiffs request a declaration that their rental agreements are void.  (*See generally* Compl.)  Richman has not shown how voiding the rental application, but not the rental agreement, would cost it any money or lead to voidance of the rental agreements themselves.  Richman's unsworn assertion that "[t]hese applications are a condition precedent to the leases," (Def.'s Resp. OSC 10), does not alter this finding.

Therefore, for purposes of the jurisdictional analysis, Richman has proven $20,000 in controversy.  Even assuming the requested monetary relief is $74,999, Richman fails prove that Plaintiffs' requested non-monetary relief should be credited to the amount in controversy.  Therefore, the amount in controversy is below the $75,000 threshold required for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

## V. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, California, 93009, Case No. 24STCV20612. Consequently, the Court **DENIES** Richman's Motion to Dismiss, (ECF No. 10), as moot.

**IT IS SO ORDERED.**

October 29, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**